| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| KEVIN DEWAYNE MOORE, 36285-177, § § § Plaintiff, § § v. § § UNITED STATES MARSHAL, § § Defendant. § § § § | CIVIL ACTION H-09-3556 |

# Opinion on Dismissal

Kevin Dewayne Moore sues a U.S. Marshal for civil rights violations. Moore claims a denial of access to the courts. The defendant moves to dismiss the complaint.

1. *Claims*

Moore's claims follow. On May 19, 2009, federal prison officials moved Moore from the Joe Corley Detention Center to the Beaumont unit of the Federal Bureau of Prisons. Guards told Moore that he could bring only his legal material. This was a two-foot stack of his legal papers. It included all of Moore's material on these matters: (1) a civil rights case under 42 U.S.C. § 1983, (2) two state writ applications under article 11.07, (3) a federal writ application under section 2254, (4) a motion for expunction of criminal records, (5) a federal appeal, (6) Texas Department of Corrections parole information, (7) memorandums, evidence, letters to and from courts and lawyers, and research material including case law and (8) other legal forms for future actions and appeals. During his move to the Federal Building in Houston and on to Beaumont the same day, Moore told the guards and the marshal that he had his legal material with him on the bus. He also told them he needed all of this legal material for his ongoing lawsuits.

The guards and the marshal told Moore that because he had ongoing cases, they would allow him to keep his legal work. When Moore arrived at the Beaumont unit, an unknown marshal told him that he could not have or keep his legal work. This marshal was in charge of Moore's move. He explained to the marshal that these were ongoing cases. The marshal responded that he did not care and he told Moore that he could not have the legal materials.

Moore spoke to guards in intake at the Beaumont unit. They said they had no control over the marshal. They moved Moore to the Marion Unit on August 12, 2009. An officer there told Moore he could not do anything about his legal work taken by the marshal. Moore did not file any grievances.

In his complaint, Moore does not state whether his legal materials were returned to him. Moore, however, filed another complaint in federal court raising the same claims made here in which he addresses the return of his legal materials. *Moore v. U.S. Marshal's Service, et al.* (H-10-1566). Judge Lake dismissed the complaint as duplicative of this case. In that other case, Moore stated that his legal materials were returned to him on September 17, 2009. *Id.,* Complaint (1, p. 5); *see also* Plaintiff's Ex. C, p.1. Judge Lake affirmed in his Memorandum Opinion and Order dismissing the case that Moore states that his legal materials were returned to him. *Id.* (5, p. 2). In his definite statement here, Moore says he has tried to get his legal work without success. (13, p. 16). On the other hand, Moore says in his definite statement here that his legal work was withheld from him until September 17, 2009. (13, p. 18).

In his definite statement here, Moore lists the cases he was working on while he was deprived of his legal work:

1. A federal civil rights complaint in the Northern District of Texas, number 3:08-cv-2281-D.
2. A state habeas applications in Dallas County, under numbers WR-70,088-01, WR-70,088-02, and WR-70,088-03.
3. A federal habeas application in the Northern District of Texas, number 3:08-cv-1906.
4. A future motion to expunge criminal records, in state court in Fort Worth.
5. A future federal civil rights case challenging the dismissal of Moore's federal habeas corpus application in number 3:08-cv-1906, 5th Circuit: 09-10087.
6. A motion in state court to expunge his criminal record.
7. A future federal habeas corpus application challenging the denial of his second state writ application.
8. A future state writ application reurging prior claims.
9. A future section 2255 petition challenging his current federal conviction.

2. *Access to the Courts*

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817,

828 (1977). An individual must have the opportunity to present a claim or defense to the appropriate court and have that court determine its merit. *Crowder v. Sinyard*, 884 F.2d 804, 814 (5th Cir. 1989). "The constitutional right of access does not, however, guarantee .... the right to have [a] case proceed in a particular procedural posture ...." *Bounds*, 430 U.S. at 828. The right of access to the courts applies only to inmates who suffer actual harm in a particular lawsuit where they are a party. *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

3. *Moore's Lawsuits and Legal Materials*

### A. Federal Civil Rights Case

Moore's federal civil rights case in the Northern District of Texas concerns two state writ applications. He claimed there that the state defendants violated his civil rights by not complying with state habeas rules. *See* Definite Statement exhibits, 13, p. 24-25). Moore contends here that with his legal materials, he could have argued the civil rights case to a different outcome.

Moore's exhibits include a recommendation by the Northern District Magistrate Judge on June 9, 2009, that Moore's complaint be dismissed with prejudice as frivolous. *Id.*, 13, pp. 24-27. Moore's exhibits show that District Judge Fitzwater adopted the recommendation that Moore's complaint be dismissed as frivolous. *Id.*, pp. 33-34. Moore contends that with his legal materials, he could have argued this Northern District case to a different outcome.

In his order adopting the recommendation of the Magistrate Judge, Judge Fitzwater determined that, had Moore obtained his legal materials earlier, the result of the lawsuit would have been the same. Judge Fitzwater said that "even if Moore's legal materials were returned to him, he could not demonstrate that the findings, conclusions, and recommendations of the Magistrate Judge are incorrect and that this lawsuit should not be dismissed." *Id.*, p. 34. Judge Fitzwater found that the failure of Moore to obtain the return of his legal materials during the pendency of the civil rights case did not affect the outcome of the case. Judge Fitzwater found no prejudice resulting from Moore not having his legal materials in the Northern District civil rights case. This court has no reason to revisit Judge Fitzwater's determination on the lack of prejudice.

### B. The Two State Writ Applications

The records of the Texas Court of Criminal Appeals show the following. In WR-70,088-01, Moore filed his writ application in the Texas Court of Criminal Appeals on June 6, 2008. *See* <http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=260408>. The Texas Court of

Criminal Appeals dismissed the application for non-compliance on June 18, 2008. *Id.* < http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2334561>. The marshal did not take Moore's papers until May 19, 2009, well after the Court of Criminal Appeals had dismissed the state writ application.

In WR-70,088-02, Moore filed a mandamus application in the Texas Court of Criminal Appeals on March 2, 2009. *See* http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=265864. The Texas Court of Criminal Appeals disposed the application on April 29, 2009, by denying the motion for file the mandamus. *Id.*, EventID=236916. This state application for mandamus was also dismissed before Moore was deprived of his papers.

Moore filed his third state application on August 24, 2009. *Id.*, EventID=269363. The clerk submitted the application to the Texas Court of Criminal Appeals on September 1, 2009. *Id.* On September 30, the court issued an order holding the application in abeyance. *Id.*, EventID=2385359. Supplements and miscellaneous documents were submitted to the Texas Court of Criminal Appeals on October 9, 2009. *Id.*, EventID=269363. These supplements and miscellaneous documents were submitted to the Court twenty days after the date Moore says his legal materials were returned to him. The timing of these three state writ applications shows the absence of any prejudice to Moore based on the absence of his legal materials between May 9 and September 17, 2009.

C. Federal Writ Application

Moore applied for federal habeas corpus relief in the Northern District in number 3:08cv1906. He filed this federal petition on October 27, 2008. *See Moore v. 204th District Court for Dallas County, Texas*, no.3:08cv1906-K. The court dismissed the petition on January 6, 2009. *Id.*, no. 9. The record was sent to the Fifth Circuit on February 6, 2009, and the Court of Appeals affirmed the dismissal on August 14, 2009. *Id.*, 17, 25. Moore's federal petition was not pending in the Northern District while he was without his records.

The U.S. Court of Appeals docket shows that Moore filed his appeal brief on March 24, 2009. *See Moore v. Quarterman*, No. 09-10087. The next entry on the Court of Appeals docket is the Court's order denying a Certificate of Appealability and Moore's motion for appointment of counsel on August 7, 2009. *Id.* Moore filed his appeal brief before the marshal took his papers. Moore suffered no harm in the Court of Appeals based on the absence of his legal papers.

D. Future Actions

Moore claims he plans to pursue a motion in state court seeking an expunction of state criminal records, an appeal of his federal conviction or a section 2255 attack on his federal conviction, and other matters. His legal materials have been returned. The past absence of his legal material for four months in 2009 does not hamper or affect his ability to pursue legal remedies in the future.

4. *Conclusion*

Moore has had a reasonable opportunity to present his claims to the courts for a determination of their merits under *Crowder*, 884 F.2d at 814. Moore's papers do not show any prejudice in any of his lawsuits based on the absence of his legal materials in 2009. Under *Lewis*, 518 U.S. at 349, Moore fails to state a claim recognized at law. The U.S. Marshal's Motion to Dismiss (29) is granted. This case will be dismissed.

Signed February 7, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge